UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| HAROLD HAYCRAFT, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 2:09CV23MLM |
| FLAT LAND TRANSPORTATION, INC., | ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION

Before the court is the Motion for Summary Judgment filed by Defendant Flat Land Transportation, Inc. ("Defendant"). Doc. 25. Plaintiff filed a Response. Doc. 30. Defendant filed a Reply. Doc. 35. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Doc. 13.

### STANDARD FOR MOTION FOR SUMMARY JUDGMENT

The court may grant a motion for summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The substantive law determines which facts are critical and which are irrelevant. Only disputes over facts that might affect the outcome will properly preclude summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Summary judgment is not proper if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Id. See also Fenny v. Dakota, Minn. & E.R.R. Co., 327 F.3d 707, 711 (8th Cir. 2003) (holding that an issue is genuine "if the evidence is sufficient to allow a reasonable jury to return a verdict for the non-moving party").

A moving party always bears the burden of informing the court of the basis of its motion. Celotex, 477 U.S. at 323. Once the moving party discharges this burden, the nonmoving party must set forth specific facts demonstrating that there is a dispute as to a genuine issue of material fact, not the "mere existence of some alleged factual dispute." Fed. R. Civ. P. 56(e); Anderson, 477 U.S. at 247. The nonmoving party may not rest upon mere allegations or denials of his pleading. Anderson, 477 U.S. at 256. "Factual disputes that are irrelevant or unnecessary" will not preclude summary judgment. Id. at 248.

In passing on a motion for summary judgment, the court must view the facts in the light most favorable to the nonmoving party, and all justifiable inferences are to be drawn in its favor. Id. at 255; Raschick v. Prudent Supply, Inc., 830 F.2d 1497, 1499 (8th Cir. 1987). The court's function is not to weigh the evidence, but to determine whether there is a genuine issue for trial. Anderson, 477 U.S. at 249. However, "[t]he mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient." Id. at 252. With these principles in mind, the court turns to an analysis of Defendant's Motion.

## BACKGROUND and UNDISPUTED FACTS[1]

In his Complaint, Plaintiff alleges that, on or about February 12, 2004, Russell J. Zitek was an employee of Defendant; that, at the time of the collision which is the subject of this lawsuit, Mr. Zitek was acting in his capacity as agent and employee of Defendant; that, on or about February 12, 2004, while Plaintiff was driving his pickup truck on U.S. Highway 61, in a generally northerly

---

[1] Defendant has not complied with Local Rule 7-4.01(E), which requires that a statement of undisputed facts accompany a motion for summary judgment. Because Defendant's Motion for Summary Judgment relies on the court's granting Defendant's Daubert Motion, the court will consider the merits of Defendant's Motion for Summary Judgment despite Defendant's failure to comply with Rule 7-4.01(E). In its Daubert Motion, which the court has denied, Defendant asserted that Plaintiff cannot establish causation because the opinion of Plaintiff's treating doctor, J. Alexander Marchosky, M.D., should not be admitted into evidence.

2

direction, at the intersection of Highway 61 and Marsh Avenue, Mr. Zitek was driving a semi-truck owned by Defendant in a northerly direction on Highway 61; and that Mr. Zitek negligently and carelessly caused the semi-truck he was driving to collide with the rear end of Plaintiff's pickup truck with such force and violence that Plaintiff was severely injured. Doc. 2-1 at 34-35.

Defendant admits that, on or about February 12, 2004, the front end of the semi-truck, owned by Defendant and driven by Mr. Zitek on U.S. Highway 61, collided with the rear end of the pickup truck which Plaintiff was driving on the same highway. Def. Answ., ¶ 5. Defendant, however, alleges, as an affirmative defense to Plaintiff's Complaint, that Plaintiff was guilty of comparative fault in that Plaintiff suddenly slammed on his brakes in response to an emergency vehicle being in the area instead of slowing his vehicle and pulling off to the right shoulder. Defendant also alleges, as an affirmative defense, that there was accord and satisfaction of Plaintiff's claims against Defendant by virtue of a settlement check having been tendered to Plaintiff by Defendant's insurance company and by Plaintiff's cashing this check. Def. Answ., ¶ ¶ 11(a)-(b).

In a motion made pursuant to Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), Defendant sought to exclude the opinion of Plaintiff's treating doctor and expert, J. Alexander Marchosky, M.D., who opined that Plaintiff suffers from phrenic nerve palsy and paralysis of the right diaphragm and that these conditions were caused by the collision with Mr. Zitek. The court has denied Defendant's Daubert motion. In the pending Motion for Summary Judgment, Defendant contends that expert testimony is required in cases where a plaintiff alleges soft tissue injuries; that Plaintiff alleges a soft tissue injury; and that, should the court grant Defendant's Daubert motion contesting the admissibility of Dr. Marchosky's opinion regarding causation, Plaintiff will be unable to make a submissible case on the issue of causation.

**DISCUSSION**

Under Missouri law, the "sudden onset rule" obviates the need for medical testimony to establish the element of causation arising from an accident. Tucker v. Wibbenmeyer, 901 S.W.2d 350 (Mo. App. Ct. 1995). Under this doctrine, where the obvious symptoms of injury follow trauma immediately, or with a short delay, and the injury is the type that is normally sustained in the kind of trauma involved, causation may be inferred without the aid of medical testimony. Id. On the other hand, courts have required expert testimony to establish causation where a plaintiff alleges an injury which a lay person would not normally understand to result form the conduct of the defendant or where the cause of the injury is not obvious. See, e.g., Lash v. Hollis, 525 F.3d 636 (8th Cir. 2008) (requiring expert testimony to prove an arrestee's kidney-damaging rhabdomyolysis was caused by his being Tasered, given that Tasering was not an obvious cause of muscle degradation leading to the plaintiff's condition); Ridpath v. Pederson, 407 F.3d 934 (Mo. Ct. App. 2005).

For purposes of the pending Motion for Summary Judgment, the court will assume that the sudden onset rule is not applicable and that Plaintiff is required to provide expert medial testimony to establish causation. The court has denied Defendant's Daubert motion. As such, Plaintiff will be permitted to submit into evidence Marchosky's opinion that the collision, which is the subject of this lawsuit, caused or contributed to Plaintiff's medical conditions. Plaintiff, therefore, will be able to make a submissible case regarding the causation of his injuries. The court finds, therefore, that there are genuine issues of material fact, including whether Plaintiff's injuries were caused by the accident that is the subject of this lawsuit. As such, the court finds that Defendant's Motion for Summary Judgment should be denied. See Celotex, 477 U.S. at 322.

## CONCLUSION

For the reasons discussed above, the court finds that Defendant's Motion for Summary Judgment should be denied.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion for Summary Judgment filed by Defendant is **DENIED**. Doc. 25

/s/Mary Ann L. Medler
MARY ANN L. MEDLER
UNITED STATES MAGISTRATE JUDGE


Dated this 28th day of July, 2010.